UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

JENNIFER ROSS, individually
and EARL STEVENSON,
individually;

    Plaintiffs,

vs.

WICKED WINGS, LLC,
an active Florida limited liability company;
WICKED AWESOME ENTERPRISE, LLC;
an active Florida limited liability company
and GARY BOUVIER, individually;

    Defendants.
_____/

## COMPLAINT

Plaintiffs, JENNIFER ROSS ("ROSS") and EARL STEVENSON ("STEVENSON") (ROSS and STEVENSON are collectively referred to as "Plaintiffs") file this Complaint for willful violations under the Fair Labor Standards Act, (hereinafter referred to as the "FLSA") against WICKED WINGS, LLC ("WICKED"); WICKED AWESOME ENTERPRISE, LLC ("WAE") and GARY BOUVIER ("BOUVIER"), individually (WICKED, WAE and BOUVIER are collectively referred to as "Defendants").

## INTRODUCTION

1. Plaintiffs both worked for Defendants as non-exempt cooks.

2. Plaintiffs' duties included, but were not limited to, things such as preparing food, cooking food and cleaning the kitchen.

1

3. Plaintiffs' duties did not involve having discretion or independent judgment on matters of significance to Defendants.

4. Defendants have a policy and practice of failing to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) in a given workweek.

5. Additionally, Plaintiffs engaged in protected activity when both, at different times, complained about the failure to pay overtime (Plaintiffs both reasonably believed they were covered under the FLSA and entitled to overtime since they were cooks and earning an hourly wage) and, temporally proximate to their complaints, Plaintiffs were terminated.

6. Thus, Defendants retaliated against Plaintiffs under the FLSA.

## JURISDICTION AND VENUE

7. The FLSA authorizes court actions by private parties to recover damages under the FLSA's wage and hour and retaliation provisions.

8. This Court has original jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in the Southern District of Florida because Defendant WICKED has its principal place of business in this District, provides services in this District and is thus considered a resident of this District. Additionally, all of or a substantial portion of the acts that form the basis of this action took place in this District. Finally, upon information and belief, Defendant BOUVIER is a resident of this District.

## PARTIES

10. Plaintiff ROSS is an adult female and, during the time period of the facts and circumstances that give rise to this Complaint, was a resident of Broward County, Florida.

11. Plaintiff ROSS worked for Defendants from July 8, 2018 until her termination on December 19, 2019.

12. Plaintiff STEVENSON is an adult male and a resident of Broward County, Florida.

13. Plaintiff STEVENSON worked for Defendants from August 2018 until his termination on September 14, 2019.

14. Plaintiffs were both covered employees within the meaning of the FLSA.

15. During the Relevant Liability Period (the time period of employment for both Plaintiffs), Defendants failed to pay Plaintiffs overtime for all hours worked in excess of forty (40) in a given work week.

16. Defendant WICKED is a covered employer under the FLSA.

17. During the Relevant Liability Period, Defendant WICKED employed two or more persons, including Plaintiffs, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any persons," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

18. Specifically, as a restaurant, WICKED served customers from out of state, processed credit card transactions and used goods that arrived via interstate commerce to operate the restaurant.

19. Additionally, during the Relevant Liability Period, Defendant WICKED achieved annual gross sales made or business done of not less than $500,000.00, in accordance with U.S.C. § 203(s)(1)(A)(ii).

20. Defendant WAE is a covered employer under the FLSA.

21. During the Relevant Liability Period, Defendant WAE employed two or more persons, including Plaintiffs, and has "had employees handling, selling or otherwise working on

goods or materials that have been moved in or produced for commerce by any persons," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

22. Specifically, as a restaurant, WAE served customers from out of state, processed credit card transactions and used goods that arrived via interstate commerce to operate the restaurant.

23. Additionally, during the Relevant Liability Period, Defendant WAE achieved annual gross sales made or business done of not less than $500,000.00, in accordance with U.S.C. § 203(s)(1)(A)(ii).

24. Defendant BOUVIER is an individual who is a resident of the State of Florida.

25. BOUVIER is the Authorized Member of WICKED and listed as the President of WAE.

26. BOUVIER is an employer as that term is defined by the FLSA insofar as he has complete control of both WICKED and WAE, makes day to day decisions, had direct control of Plaintiffs, set Plaintiffs' schedules, set Plaintiffs' rates of pay and personally fired Plaintiffs.

27. Defendants WICKED and WAE share the exact same principles (BOUVIER and Patricia Blake), the exact same bank account and the same employees.

28. Employees of WICKED and WAE are all supervised by BOUVIER.

29. Employees of WICKED and WAE are paid from the same bank account.

30. Employees of WICKED and WAE frequently work at the locations of both WICKED and WAE.

31. Accordingly, WICKED and WAE are joint employers and therefore jointly and severally liable.

## FACTUAL ALLEGATIONS COMMON
## TO PLAINTIFFS' WAGE AND HOUR CLAIMS

32. WICKED and WAE are both restaurants specializing in serving chicken wings and American bar food.

33. WICKED and WAE are located at two (2) different locations.

34. The first location is labeled to the public as "Wilton Wings" and is located at 1428 NE 4th Ave., Fort Lauderdale, FL 33304.

35. The second location is labeled to the public as "Wicked Wings" and is located at 1755 N. University Dr., Plantation, FL 33322.

36. Upon information and belief, the "Wicked Wings" location is WICKED because the address of "Wicked Wings" is the same as the principal address listed for WICKED on Sunbiz.

37. Upon information and belief, the "Wilton Wings" location is WAE.

38. BOUVIER essentially runs both locations.

39. As stated above, WICKED and WAE use the same employees at both locations (Plaintiffs routinely worked at both locations), BOUVIER sets the schedules for all employees at both locations, all employees are paid from a single bank account which is labeled as "Wicked Wings LLC Operating Account."

40. Plaintiff ROSS occasionally received checks which came from "Wicked Awesome Enterprises."

41. However, these checks came from the same bank and bank account number as the checks labeled "Wicked Wings LLC Operating Account."

42. Plaintiffs are non-exempt employees (hourly paid cooks), and therefore entitled to overtime compensation for all hours worked over forty (40) in a given work week.

43. Defendants failed to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) in a given work week.

44. Plaintiffs routinely worked over forty (40) hours in a work week but were not paid overtime wages for all of that work.

45. Defendants knew, and have known, that Plaintiffs performed overtime work without compensation and have chosen to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

**Facts Relating to Plaintiff ROSS' Unpaid Overtime Claim**

46. Plaintiff ROSS was hired on July 8, 2018 and terminated on December 12, 2019.

47. Plaintiff ROSS was hired as a cook and her starting hourly rate was $12.00/hour.

48. At the time of her termination, Plaintiff ROSS was earning $15.50/hour.

49. Plaintiff ROSS was paid by the hour did not have discretion and independent judgment on matters of significance.

50. Therefore, Plaintiff ROSS was a non-exempt employee.

51. During the entirety of her employment Plaintiff ROSS worked approximately between fifteen (15) to twenty (20) hours per week of overtime.

52. Plaintiff ROSS does not have the records to specifically plead the hours of overtime she worked each week or her various hourly rates during her term of employment.

53. Defendants maintain all schedules, hours and rates of pay via an in-house application called "Homebase."

54. The "Homebase" application was used for both WICKED and WAE.

55. This is further evidence of joint employer status.

56. Plaintiff ROSS does not currently have access to Homebase and Plaintiff ROSS did not keep any records from Homebase.

57. Additionally, Plaintiff ROSS' paychecks never contained an accounting of Plaintiff ROSS' hours worked for the pay period, hourly rate or any accounting of W2 withholding taken from the paycheck.

58. Plaintiff ROSS was just given checks for different amounts each week with no knowledge or record of how the amount for each check was calculated.

59. Plaintiff ROSS is entitled to overtime compensation for the entire time of her employment.

60. Defendants knew that they had to pay Plaintiff ROSS overtime.

61. Specifically, Plaintiff ROSS complained to Defendants that she was entitled to overtime.

62. Further, as an hourly paid worker, Defendants reasonably should have known that they had to pay Plaintiff ROSS overtime.

63. Therefore, Defendants' actions were willful, and Plaintiff ROSS is entitled to liquidated damages.

**Facts Relating to Plaintiff STEVENSON'S Unpaid Overtime Claim**

64. Plaintiff STEVENSON was hired in approximately August 2018 and terminated on or about September 14, 2019.

65. Plaintiff STEVENSON was hired as a cook and his starting hourly rate was $13.00/hour.

66. At the time of his termination, Plaintiff STEVENSON was earning $13.50/hour.

67. Plaintiff STEVENON was paid by the hour did not have discretion and independent judgment on matters of significance.

68. Therefore, Plaintiff STEVENSON was a non-exempt employee.

69. During the entirety of his employment Plaintiff STEVENSON worked approximately between fifteen (15) to twenty (20) hours per week of overtime.

70. Plaintiff STEVENSON does not have the records to specifically plead the hours of overtime he worked each week or his various hourly rates during his term of employment.

71. Defendants maintain all schedules, hours and rates of pay via an in-house application called "Homebase."

72. Plaintiff STEVENSON does not currently have access to Homebase and Plaintiff STEVENSON did not keep any records from Homebase.

73. Additionally, Plaintiff STEVENSON'S paychecks never contained an accounting of Plaintiff STEVENSON'S hours worked for the pay period, hourly rate or any accounting of W2 withholding taken from the paycheck.

74. Plaintiff STEVENSON was just given checks for different amounts each week with no knowledge or record of how the amount for each check was calculated.

75. Plaintiff STEVENSON is entitled to overtime compensation for the entire time of his employment.

76. Defendants knew that they had to pay Plaintiff STEVENSON overtime.

77. Specifically, Plaintiff STEVENSON complained to Defendants that he was entitled to overtime.

78. Further, as an hourly paid worker, Defendants reasonably should have known that they had to pay Plaintiff STEVENSON overtime.

79. Therefore, Defendants' actions were willful, and Plaintiff STEVENSON is entitled to liquidated damages.

**FACTUAL ALLEGATIONS COMMON TO PLAINTIFFS' RETALIATION CLAIMS**

80. Plaintiffs both routinely asked BOUVIER why they were not being paid overtime and routinely told him that they were entitled to overtime.

81. Additionally, Plaintiffs both routinely complained to BOUVIER that their paychecks were incomplete insofar as the paychecks did not contain any accounting of hours worked, hourly rate or W2 withholding.

82. Plaintiffs' complaints were protected activity under the FLSA.

**Facts Relating to Plaintiff ROSS' Retaliation Claim**

83. On or about November 15, 2019, Plaintiff ROSS complained to BOUVIER about her paycheck and his failure to pay her overtime as well as the fact that the paycheck did not contain a breakdown of hours worked or W2 withholding.

84. Plaintiff ROSS was terminated a mere twenty-seven (27) days later on December 12, 2019.

85. Plaintiff ROSS never received any discipline and was never written up.

86. In fact, shortly before her complaint, Plaintiff ROSS received positive comments about her performance and a raise from BOUVIER.

87. The only thing that happened between the positive comments and raise was that ROSS complained about her paycheck.

88. Based on the temporal proximity of the complaint and the adverse action (the termination) and the fact that Plaintiff ROSS was praised and given a raise in the same time

frame, there is circumstantial evidence of a causal connection between her protected activity and the adverse action (her termination).

**Facts Relating to Plaintiff STEVENSON'S Retaliation Claim**

89. Plaintiff STEVENSON routinely complained to BOUVIER about his paycheck, both the fact that he wasn't being paid overtime and that the paycheck did not contain an accounting of hours worked and W2 withholding.

90. On or about September 2019, Plaintiff STEVENSON requested time off to attend the funeral of a family member.

91. Initially, BOUVIER gave Plaintiff STEVENSON the time off.

92. Then, without warning or notice, BOUVIER told Plaintiff STEVENSON that if he took the time-off he would be fired.

93. Plaintiff STEVENSON took the time off anyway and was then fired by BOUVIER.

94. Any claim that Plaintiff STEVENSON was terminated because he took time-off without approval is pretextual.

95. Shortly after the termination, BOUVIER sent a group text message to other employees informing them that Plaintiff STEVENSON was fired because he complaint too much.

96. The "complaining" to which BOUVIER was referring was Plaintiff STEVENSON's complaints about his paycheck.

97. Accordingly, there is a causal connection between Plaintiff STEVENSON'S protected activity and his termination.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION TO ROSS IN VIOLATION OF THE FLSA DURING THE RELEVANT LIABILITY PERIOD

98. Plaintiff ROSS re-alleges and incorporates by reference paragraphs 1-63 as if fully stated herein.

99. This Count is against all Defendants.

100. During the FLSA Relevant Liability Period, Defendants failed to properly compensate Plaintiff ROSS by failing to properly pay overtime wages for all hours worked in excess of forty (40) in a given work week.

101. Defendants actions were willful.

102. Plaintiff ROSS seeks unpaid overtime compensation in amounts to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the even liquidated damages are denied), post-judgment interest, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROSS demands judgment against Defendants and requests that this Court:

    a. Find that Defendants' violations of the FLSA were willful and impose a three (3) year statute of limitations period for FLSA claims;

    b. Find that WICKED and WAE are joint employers and therefore jointly and severally liable;

    c. Award Plaintiff ROSS unpaid overtime wages;

    d. Award Plaintiff ROSS liquidated damages;

    e. Award Plaintiff ROSS post judgment interest;

  f. Award Plaintiff ROSS attorney's fees and costs; and

  g. Award Plaintiff ROSS any other relief this Court deems just and appropriate.

## COUNT II

### FAILURE TO PAY OVERTIME COMPENSATION TO STEVENSON IN VIOLATION OF THE FLSA DURING THE RELEVANT LIABILITY PERIOD

103. Plaintiff STEVENSON re-alleges and incorporates by reference paragraphs 1-45 and 64-79 as if fully stated herein.

104. This Count is against all Defendants.

105. During the FLSA Relevant Liability Period, Defendants failed to properly compensate Plaintiff STEVENSON by failing to properly pay overtime wages for all hours worked in excess of forty (40) in a given work week.

106. Defendants actions were willful.

107. Plaintiff STEVENSON seeks unpaid overtime compensation in amounts to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the even liquidated damages are denied), post-judgment interest, and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff STEVENSON demands judgment against Defendants and requests that this Court:

  a. Find that Defendants' violations of the FLSA were willful and impose a three (3) year statute of limitations period for FLSA claims;

  b. Find that WICKED and WAE are joint employers and therefore jointly and severally liable;

  c. Award Plaintiff STEVENSON unpaid overtime wages;

  d. Award Plaintiff STEVENSON liquidated damages;

  e. Award Plaintiff STEVENSON post judgment interest;

  f. Award Plaintiff STEVENSON attorney's fees and costs; and

  g. Award Plaintiff STEVENSON any other relief this Court deems just and appropriate.

## COUNT III

### PLAINTIFF ROSS' CLAIM FOR RETALIATION UNDER THE FLSA

108. Plaintiff ROSS re-alleges and incorporates by reference paragraphs 1-31 and 80-88 as if fully stated herein.

109. This Count is against all Defendants.

110. Plaintiff ROSS engaged in protected activity when she complained about her paycheck.

111. Plaintiff ROSS suffered an adverse action when she was terminated.

112. There is a causal connection between Plaintiff ROSS' protected activity and the adverse action.

113. Specifically, Plaintiff ROSS was terminated shortly after her complaint to Defendants regarding her paycheck (overtime and lack of accounting).

114. Defendants do not have a legitimate non-discriminatory reason for terminating Plaintiff ROSS.

115. Plaintiff ROSS has suffered damage due to the actions of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants and requests that this Court:

    a.    Find that WICKED and WAE are joint employers and therefore jointly and severally liable;

    b.    Award Plaintiff ROSS economic damages;

    c.    Award Plaintiff ROSS liquidated damages;

    d.    Award Plaintiff ROSS compensatory damages, including but not limited to damages for mental anguish and emotional distress;

    e.    Award Plaintiff ROSS punitive damages;

    f.    Award Plaintiff ROSS pre and post judgment interest;

    g.    Award Plaintiff ROSS front pay;

    h.    Award Plaintiff ROSS attorney's fees and costs; and

    i.    Award Plaintiff ROSS any other relief this Court deems just and appropriate.

## COUNT IV

**PLAINTIFF STEVENSON'S CLAIM FOR RETALIATION UNDER THE FLSA**

116.    Plaintiff STEVENSON re-alleges and incorporates by reference paragraphs 1-31, 80-82 and 89-97 as if fully stated herein.

117.    This Count is against all Defendants.

118.    Plaintiff STEVENSON engaged in protected activity when he complained about his paycheck.

119.    Plaintiff STEVENSON suffered an adverse action when he was terminated.

120.    There is a causal connection between Plaintiff STEVENSON'S protected activity and the adverse action.

121. Specifically, shortly after Plaintiff STEVENSON'S termination, BOUVIER sent a group text to other employees informing them that Plaintiff STEVENSON was terminated because he complained too much.

122. Defendants do not have a legitimate non-discriminatory reason for terminating Plaintiff STEVENSON.

123. Plaintiff STEVENSON has suffered damage due to the actions of Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff STEVENSON demands judgment against Defendants and requests that this Court:

a. Find that WICKED and WAE are joint employers and therefore jointly and severally liable;

b. Award Plaintiff STEVENSON economic damages;

c. Award Plaintiff STEVENSON liquidated damages;

d. Award Plaintiff STEVENSON compensatory damages, including but not limited to damages for mental anguish and emotional distress;

e. Award Plaintiff STEVENSON punitive damages;

f. Award Plaintiff STEVENSON pre and post judgment interest;

g. Award Plaintiff STEVENSON front pay;

h. Award Plaintiff STEVENSON attorney's fees and costs; and

i. Award Plaintiff STEVENSON any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: February 19, 2020,
Fort Lauderdale, Florida

                        Respectfully submitted,

By: /s/*Michael L. Elkins*
      Michael L. Elkins
      Florida Bar No. 523781
      melkins@mlelawfirm.com
      **MLE LAW**
      633 S. Andrews Ave.
      Suite 500
      Fort Lauderdale, FL 33301
      Telephone: (954) 401-2608
      *Co-Counsel for Plaintiffs*

/s/*Joshua M. Entin*
      Joshua M. Entin, Esq.
      Fla. Bar No. 493724
      josh@entinlaw.com
      **ENTIN LAW GROUP, P.A.**
      633 S. Andrews Ave.
      Suite 500
      Fort Lauderdale, FL 33301
      Telephone: (954) 761-7201
      *Co-Counsel for Plaintiffs*